IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re:<br>Megan L. Mosco aka Megan Faulds and<br>Joseph Mosco<br>    Debtor and Non-Filing Co-Debtor | Chapter: 13<br><br>Bankruptcy No.: 23-10768 AMC |

New Start Notes LLC

       Movant

       vs.

Megan L. Mosco aka Megan Faulds and
Joseph Mosco
  Debtor and Non-Filing Co-Debtor

       And
SCOTT F. WATERMAN
  Trustee/Respondants


**MOTION FOR AN ORDER PURSUANT TO 11 U.S.C. § 362(d) MODIFYING AND TERMINATING THE AUTOMATIC STAY AS TO DEBTOR AND CO-DEBTOR**

     New Start Notes LLC (the "Movant") by an through its attorneys Shnayder Law Firm, LLC, as and for its motion (the "Motion") for an Order: (i) pursuant to 11 U.S.C.§ 362(d) providing that the automatic stay imposed by 11 U.S.C. § 362(a) and the Co-Debtor stay persuant to 11 U.S.C. § 1301 be modified and terminated with respect to real property known as 422 Kent Road, Springfield, PA 19064 (the "Premises") currently owned by Megan L. Mosco aka Megan Faulds (the "Debtor") and Joseph Mosco (Non-filing "Co-Debtor"); (ii) waiving the stay invoked pursuant to Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure; and (iii) granting the Movant such other and further relief as this Court deems just and proper. In further support of this Motion, Movant respectfully states:

## PROCEDURE

1. The Debtor filed a bankruptcy petition on March 16, 2023 under Chapter 13 of the Bankruptcy Code.

## JURISDICTION

2. The Motion for Relief is being brought pursuant to 11 U.S.C. §362(d).

## BACKGROUND

3. Movant is the holder of a mortgage on the Property, which was recorded in the Office of the Recorder of Deeds of Delaware County, PA on November 9, 2012, Book 05217 Page 2376. A true and correct copy of the mortgage is attached hereto as Exhibit "A."

4. The Non-Filing Co-Debtor Joseph Mosco is not a party to the instant bankruptcy but is a Co-Obligor on the aforementioned Mortgage.

5. The Debtor and Non-Filing Co-Debtor are currently in default of the Note and Mortgage in the amount of $23,808.12 as of 08/17/2023. The total amount owed under the Note came due no later than December 15, 2019 as the loan matured.

6. The Debtor and Non-Filing Co-Debtor has failed to bring the account current while taxes and insurance continue to accrue and the Property continues to decrease in value.

## THE AUTOMATIC STAY SHOULD BE VACATED

7. 11 U.S.C § 362(d) provides in pertinent part; On request of a party in interest and after notice and hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or condition such stay:

1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

2) with respect to a stay of an act against property under subsection (a) of this section if:

(A) the Debtor does not have any equity in such property; and
(B) such property is not necessary to an effective reorganization.

8. Movant has cause to have the Automatic Stay modified as to the Debtor with regard to the Premises to permit Movant to complete foreclosure on its Mortgage.

9. Movant has cause to have relief from the Automatic Stay effective immediately and such relief should not be subject to the fourteen-day period as set forth in Bankruptcy Rule 4001(a)(3), as Movant will incur substantial additional costs and expenses by the imposition of said fourteen-day period.

10. It is respectfully submitted that cause exists to vacate the automatic stay as the Debtor and Non-Filing Co-Debtor are in default under the terms and provisions of the Note and the Mortgage by, among other things, failing to make payments to the Movant as set forth above. As a result, the Movant's interest in the Premises would not be adequately protected should the automatic stay remain in place.

11. The other Respondent is the Standing Trustee appointed in the present Chapter 13 proceeding.

WHEREFORE, the Movant respectfully request that this court enter an Order vacating or modifying the automatic stay pursuant to 11 U.S.C. § 362(d) and § 1301 as to permit Movant to foreclose on its mortgage and allow Movant or any other purchaser at Sheriff's Sale to take legal action for enforcement of its right to possession of said premises.

By: /s/ *Jennie C. Shnayder*
Jennie C. Shnayder, Esq.
ID # 315213
Shnayder Law Firm, LLC
148 East Street Road Suite 352
Feasterville, PA 19053
Telephone: (215) 834-3103
Facsimile: (215) 565-2679
jennie@shnayderlawfirm.com
Attorneys for Creditor